The City of New York, Appellant, *v.* Pike Realty Corporation, Respondent.

First Department, January 10, 1930.

*J. Joseph Lilly* of counsel [*Harold W. Whitehouse* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel,* attorney], for the appellant.

*John Caldwell Myers* of counsel [*John F. Keating* with him on the brief; *Lester M. Friedman,* attorney], for the respondent.

Per Curiam. Upon appeal from the first judgment in this case, the Court of Appeals (247 N. Y. 245) held that the city was entitled to recover rent until such time as the defendant actually abandoned the premises, and that the defendant was entitled to recover on its counterclaim the difference between the " value of the leased premises * * * for the use of a public garage * * * and their value as * * * vacant property." We have not overlooked the amendment of the answer since the decision of the Court of Appeals, but we do not think that the evidence adduced differs materially from that upon which the Court of Appeals held that

there was no constructive eviction prior to the beginning of the suit. Upon this second trial, the trial justice, who was, by stipulation, also the trier of the facts, directed a verdict for the defendant in the sum of $36,773.75. Apparently this was based upon the value of the lease itself as fixed by experts, and not upon the damage resulting to the tenant for the city's breach of covenant during the period sued for. The complaint claims the rent for the period from November 26, 1923, to November 26, 1924. This rent would amount to $16,437.50, with interest. As against this, under the ruling of the Court of Appeals, the defendant is entitled to counterclaim the difference between the value of the leased premises for the use of a public garage and their value as vacant property up to the time of the commencement of the action. We feel bound under the Court of Appeals ruling to hold that this is all that can be determined in the present action. This would leave open for future determination the question of the city's right to rent for a period subsequent to the one here sued upon and the defendant's right to further counterclaim for damages, with its right to set up eviction as a defense from the period when it actually notified the city that it abandoned the premises, and its further right to claim damages from the city for this eviction itself.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.